**NOT FOR PUBLICATION**

FILED

JUL 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO GONZALEZ-OLGUIN, | No. 19-71646 |
| Petitioner, | Agency No. A205-714-976 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Alfredo Gonzalez-Olguin, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

The agency did not err in concluding that Gonzalez-Olguin did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, an applicant must "establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (concluding the proposed social group "returning Mexicans from the United States" lacked particularity).

Substantial evidence supports the agency's determination that Gonzalez-Olguin otherwise failed to establish that the harm he fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

19-71646

Thus, Gonzalez-Olguin's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Gonzalez-Olguin failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

We reject as unsupported by the record Gonzalez-Olguin's contentions that the agency failed to consider evidence or otherwise erred in its analysis of his claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**